UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CR-00127 SRC |
| | ) | |
| RYAN MCDANIEL, | ) | |
| | ) | |
| Defendant. | | |

<u>GUILTY PLEA AGREEMENT</u>

The parties hereby agree, as follows:

1. <u>PARTIES</u>:

The parties are Defendant Ryan McDaniel, represented by defense counsel Rachel Korenblat, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. <u>GUILTY PLEA</u>:

A.    <u>The Plea:</u> Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for Defendant's voluntary plea of guilty to Counts One and Two of the Indictment, the United States agrees to dismiss Count Three and that no further federal

prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment.

**B.** <u>The Sentence</u>: Defendant fully understands that the crime to which a guilty plea is being entered into with respect to Count Two requires a mandatory minimum term of imprisonment of seven years (84 months), which must run consecutive to any other term of imprisonment. The parties further agree each party shall jointly recommend that Defendant be sentenced to a term of imprisonment of 36 months on Count One, which shall run consecutive to an 84-month term of imprisonment on Count Two for a total term of imprisonment of 120 months (ten years). If Defendant is determined to be a Career Offender, then the parties' recommended sentencing recommendation shall not apply. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document, or to the joint recommendation.

## 3. ELEMENTS:

As to Count One, Defendant admits to knowingly violating Title 18, United States Code, Section 2119, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(i)     Defendant took a motor vehicle from the presence of another;

(ii)    Defendant did so by means of force and violence or intimidation;

(iii)   That the motor vehicle had been transported in interstate commerce; and

(iv)    At or during the time Defendant took the motor vehicle he intended to cause death or serious bodily injury.

As to Count Two, Defendant admits to knowingly violating Title 18, United States Code, Section 924(c), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

      (i)     Defendant committed the crime of carjacking; and

      (ii)    Defendant knowingly possessed and brandished a firearm in furtherance of that crime.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On or about February 5, 2021, Defendant Ryan McDaniel approached the victim. who was making a Domino's pizza delivery at The Residences at Forest Park, a location within the Eastern District of Missouri. Brandishing a firearm, Defendant demanded the keys to the victim's motor vehicle, a 2020 Mazda CX-30. The Mazda CX-30 had been transported in interstate commerce prior to that date. Defendant reached in the victim's pocket and grabbed the victim's keys before fleeing the scene. In doing so, Defendant took the Mazda CX-30 from the presence of another, by force and violence or intimidation; and, at the same time, Defendant intended to cause death or serious bodily injury to his victim.

Minutes after the robbery, officers located the stolen Mazda CX-30. Defendant, who was still driving the CX-30, then fled from police officers, speeding through residential neighborhoods and multiple interstates. When the Mazda CX-30 became disabled in St. Louis

County, Defendant was removed from the vehicle and arrested.  Officers searched the vehicle and found two Springfield branded, XD model semiautomatic firearms.  One of the firearms, which was located on the driver's seat, was stolen; the other firearm, located in the glovebox, belonged to the victim.  Defendant was also searched, resulting in the recovery of a third firearm.  Specifically, officers located a Smith & Wesson .32 caliber revolver, along with a clear plastic bag containing approximately 2.2 grams of methamphetamine.  Each of the firearms described above were firearms under federal law, *i.e.* weapons that will expel a projectile by the action of an explosive.  Defendant admits to knowingly brandishing one of the firearms during the carjacking, to further the robbery.

Surveillance video captured portions of the carjacking.  When arrested, Defendant was wearing clothing consistent with clothing worn by the carjacker, as depicted on the video.

### 5. STATUTORY PENALTIES:

As to Count One, Defendant fully understands that the maximum possible penalty provided by law for the crime to which Defendant is pleading guilty is imprisonment of not more than 15 years, a fine of not more than $250,000, or both such imprisonment and fine.  The Court shall also impose a period of supervised release of not more than 3 years.

As to Count Two, Defendant fully understands that the maximum possible penalty provided by law for the crime to which Defendant is pleading guilty is imprisonment of no less than seven years and not more than life, a fine of not more than $250,000, or both such imprisonment and fine.  The Court shall also impose a period of supervised release of not more than five years.  Defendant also fully understands that the crime to which a guilty plea

is being entered requires a mandatory minimum term of imprisonment of at least seven years. Defendant fully understands that this sentence of seven years (84 months) is required by law to run consecutive to any term of imprisonment, including any term of imprisonment imposed with respect to Count One.

## 6. U.S. SENTENCING GUIDELINES: 2018 MANUAL:

Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**A.      Offense Conduct**

### COUNT ONE: Carjacking

**(i)      Chapter 2 Offense Conduct:**

**(a)      Base Offense Level:**  The parties agree that the base offense level for Count One is 20, as found in Section 2B3.1(a).

**(b)      Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply to Count One:  The parties agree that 2 levels should be added pursuant to Section 2B3.1(b)(5), because the offense involved a carjacking, and 1 level should be added pursuant to Section 2B3.1(b)(6) because a firearm was taken during the carjacking.

## Chapter 3 Adjustments Applicable to Count One

(i)     **Section 3C1.2 Enhancement:**  The parties agree that two levels should be added because Defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer.

(ii)     **Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because Defendant has clearly demonstrated acceptance of responsibility and timely notified the United States of Defendant's intention to plead guilty.  The parties agree that Defendant's eligibility for this deduction is based upon information presently known.  If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by Defendant which it believes are inconsistent with Defendant's eligibility for this deduction, the United States may present said evidence to the court, and argue that Defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

## Estimated Total Offense Level for Count One

(i)     **Total Offense Level:**  The parties estimate that the Total Offense Level for Count One is 22, unless defendant is a Career Offender.  Depending on the underlying offense and Defendant's criminal history, Defendant could be a Career Offender pursuant to Section 4B1.1.  If the Court finds Defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI.  Defendant has discussed these possibilities with defense counsel.  Both parties reserve the right to argue that Defendant is or is not a Career Offender.

**COUNT TWO:  Brandishing a Firearm in Furtherance of a Crime of Violence**

    (i)     **Chapter 2 Offense Conduct:**

        (a)    **Base Offense Level:**  As to Count Two, the parties recommend that the base offense level is found in Sentencing Guidelines Section 2K2.4(b).  Defendant fully understands that Count Two requires he serve a mandatory minimum term of imprisonment of 84 months that will run consecutively to any other term of imprisonment, including any term of imprisonment imposed with respect to Count One.

        (b)    **Specific Offense Characteristics:**  The parties agree that the following Specific Offense Characteristics apply to Count Two:  None.

    (ii)    **Chapter 3 and 4 Adjustments:**  Pursuant to Sentencing Guidelines Section 2K2.4(b), Chapters 3 and 4 of the Sentencing Guidelines do not apply to Count Two. Therefore, as to Count Two, defendant is not entitled to the acceptance of responsibility reduction under Sentencing Guidelines Section 3E1.1.

    (iii)    **Estimated Guidelines:**  The parties estimate that Defendant's guidelines sentence with respect to Count Two will be 84 months (which must run consecutively to any sentenced imposed as to Count One).  Depending on the underlying offense and Defendant's criminal history, however, Defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds Defendant is a Career Offender, the guidelines sentence may be higher and the Criminal History Category may be as high as Category VI.  Defendant has discussed these possibilities with defense counsel.  Both parties reserve the right to argue that Defendant is or is not a Career Offender.

## COUNTS ONE AND TWO

**B.**   <u>Criminal History:</u>   The determination of Defendant's Criminal History Category shall be left to the Court.   Either party may challenge, before and at sentencing, the finding of the Presentence Report as to Defendant's criminal history and the applicable category.   Defendant's criminal history is known to Defendant and is substantially available in the Pretrial Services Report.

**C.**   <u>Effect of Parties' U.S. Sentencing Guidelines Analysis:</u>   The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.   The parties may not have foreseen all applicable Guidelines.   The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

## 7. <u>WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:</u>

**A.**   <u>Appeal:</u>   Defendant has been fully apprised by defense counsel of Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(i)**   <u>Non-Sentencing Issues:</u>   The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

**(ii)**   <u>Sentencing Issues:</u>   In the event the Court accepts the plea and sentences the Defendant consistent with the parties' joint recommendation of 120 months or below that joint recommendation, then, as part of this agreement, the Defendant hereby waives all rights

to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the Defendant consistent with the parties' joint recommendation of 120 months or above that joint recommendation.

     **B.**    <u>Habeas Corpus:</u> Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

     **C.**    <u>Right to Records:</u> Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

     **A.**    <u>Disclosures Required by the United States Probation Office:</u> Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

     **B.**    <u>Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:</u> Nothing contained herein limits the rights and authority of the

United States to take any civil, tax, immigration/deportation or administrative action against Defendant.

  **C.** <u>Supervised Release:</u> Pursuant to any supervised release term, the Court will impose standard conditions upon Defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on Defendant to which Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. Defendant understands that parole has been abolished.

  **D.** <u>Mandatory Special Assessment:</u> Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which Defendant agrees to pay at the time of sentencing. Money paid by Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

  **E.** <u>Possibility of Detention:</u> Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

  **F.** <u>Fines, Restitution and Costs of Incarceration and Supervision:</u> The Court may impose a fine, costs of incarceration and costs of supervision. Defendant agrees that any fine imposed by the Court will be due and payable immediately. In addition, the Court may impose restitution (in addition to any penalty authorized by law) which will also be due and

payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. Defendant agrees to provide full restitution to all victims of all charges in the Indictment returned by the grand jury.

       **G.**    **Forfeiture:**  Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. Defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 9. ACKNOWLEDGMENT AND WAIVER OF DEFENDANT'S RIGHTS:

       In pleading guilty, Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel

the attendance of witnesses. Defendant further understands that by this guilty plea, Defendant expressly waives all the rights set forth in this paragraph.

Defendant fully understands that Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and the consequences of the waiver of these rights. Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which Defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised Defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between Defendant and the government, and no other promises or inducements have been made, directly or indirectly, by

any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case.  In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.  Defendant further acknowledges that this guilty plea is made of Defendant's own free will and that Defendant is, in fact, guilty.

**11. CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement.  The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12. NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

10-28-2021
_____
Date

CASSANDRA J. WIEMKEN, #91586KY
Assistant United States Attorney

9-29-2021
_____
Date

RYAN MCDANIEL
Defendant

9-29-21
_____
Date

RACHEL KORENBLAT
Attorney for Defendant